# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 19, 2023

Lyle W. Cayce
Clerk

No. 22-50994

MICKEY R. TAYLOR, JR.,

*Plaintiff—Appellant*,

*versus*

R. WINN, *Badge #425, also known as* JOHN DOE #1; M. RODRIGUEZ, *Badge #317, also known as* JOHN DOE #2; I. CORTINAS, *Badge #328, also known as* JOHN DOE #3; JOHN DOE #4, *MPD Officer*; C. DUARTE, *Badge #332, also known as* JOHN DOE #5; MARK JAQUEZ, *Badge #406, also known as* JOHN DOE #6; LEITH HILL, *Badge #308, also known as* JOHN DOE DEPUTY SUPERVISOR #1; JOHN DOE DEPUTY SUPERVISOR #2; MIDLAND COUNTY, TEXAS; JANE ARANDA, *Badge #327, also known as* JANE DOE JAIL GUARD #1; JOHN DOE JAIL GUARD #2; CAPTAIN FNU GRAHAM, *also known as* JOHN DOE JAIL GUARD SUPERVISOR #1; FNU CHUCO, *also known as* JOHN DOE JAIL GUARD #1; OFFICER FNU SERRANO, *also known as* JOHN DOE JAIL GUARD #2; FNU REED/REID, *also known as* JOHN DOE JAIL GUARD #3; LT. FNU MCCAINEY, *also known as* JOHN DOE JAIL GUARD SUPERVISOR #2; LT. FNU GIBSON, *also known as* JOHN DOE JAIL GUARD SUPERVISOR #3; FNU GARNER/GARDNER, *also known as* JANE DOE JAIL GUARD,

*Defendants—Appellees*.

---------------------------------------------

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CV-124

---------------------------------------------

Before CLEMENT, SOUTHWICK, and HIGGINSON, *Circuit Judges*.

PER CURIAM:[*]

Mickey R. Taylor, Jr., Texas prisoner # 02367588, moves to proceed in forma pauperis (IFP) on appeal following the district court's denial of his Federal Rule of Civil Procedure 60(b) motion. His motion was filed following the district court's dismissal of his civil rights action filed pursuant to 42 U.S.C. § 1983. Taylor's IFP motion challenges the district court's determination that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether the appeal is taken in good faith "is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'" *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citation omitted).

In his appellate filings, Taylor largely discusses the merits of his § 1983 claims and contends that (i) the district court failed to view his complaint and the summary judgment motions in a light most favorable to him; (ii) he was not given an opportunity to provide evidence; (iii) the merits of his case should have tried before a jury; (iv) the district court should have appointed him counsel; (v) the summary judgment grant was premature because his claims were not ripe to be decided in their totality; (vi) the district court failed to obtain evidence favorable to Taylor; and (vii) the district court erred in dismissing Midland County, Texas as a defendant.

---------------------------------------------

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-50994

Taylor also raises claims related to his bail, bond, pretrial counsel, and the fee schedule "for court appointed indigent counsel" in Midland County, Texas. Because these claims are raised for the first time on appeal, we will not consider them. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Otherwise, Taylor does not make the requisite showing that he has a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, his motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

The dismissal of this appeal as frivolous counts as a strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 537 (2015). Taylor is WARNED that if he accumulates three strikes, he will not be permitted to proceed IFP in any civil action or appeal filed while incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).